**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TERRY M. SANDRES,** | 1:09-cv-1609-OWW-DLB |
| Plaintiff, | MEMORANDUM DECISION REGARDING DEFENDANTS' MOTION TO DISMISS (Doc. 36) |
| v. | |
| **CORRECTIONS CORPORATION OF AMERICA, et al.,** | |
| Defendants. | |

### I. INTRODUCTION.

Plaintiff Terry M. Sanders ("Plaintiff") proceeds with this action for damages against Corrections Corporation of America and CCA of Tennessee, LLC ("Defendants").

On August 17, 2010 Defendants filed a motion to dismiss the complaint. (Doc. 36). Plaintiff filed opposition to the motion to dismiss on October 8, 2010, (Doc. 49), and Defendants replied on October 15, 2010, (Doc. 50).

### II. FACTUAL BACKGROUND.

Plaintiff's action arises out of alleged retaliation and discrimination engaged in by Defendants, his former employer. According to the complaint, Defendants retaliated against Plaintiff for taking medical leave and for refusing to provide false statements regarding the origin of an injury sustained during a

1

football game Plaintiff participated in during work hours.  As a result of the harassment he experienced, Plaintiff filed a workers compensation claim in August 2007.  Plaintiff attempted to return to work in December of 2007, but Defendants refused to provide reasonable accommodations to Plaintiff.

On or about August 21, 2008, Plaintiff's workers compensation claim was resolved, and Plaintiff contacted Defendants human resources department to discuss returning to work.  Plaintiff left several messages, none of which was returned.  On October 28, 2008, Defendant sent Plaintiff a letter falsely stating that Plaintiff had failed to return calls to Defendant and that he was therefore terminated for job abandonment.

### III. **LEGAL STANDARD**.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b) (6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal

**2**

quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for

**3**

Case 1:09-cv-01609-OWW-JLT   Document 52   Filed 10/26/10   Page 4 of 11

summary judgment." *Id*. at 908.

## III. **DISCUSSION**.

Defendants contend that Plaintiff lacks standing to prosecute this action because Plaintiff failed to adequately disclose the claim underlying this lawsuit in his Chapter 7 Bankruptcy petition. In a related argument, Defendants contend that Plaintiff's law suit is subject to judicial estoppel because Plaintiff failed to properly identify his claim as an asset in his bankruptcy proceeding.[1]

**A. Standing**

An "estate" is created when a bankruptcy petition is filed. *See* 11 U.S.C. § 541(a). Property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). A debtor's potential law suit constitutes property that belongs to the bankruptcy estate. *See, e.g., Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 709 (9th Cir. 1986) (debtor's emotional distress claim was property of bankruptcy estate). A debtor has no standing to prosecute a law suit that is property of the bankruptcy estate. *E.g., Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994); *Estate of Spirtos v. One San Bernardino County Superior Court Case*, 443 F.3d 1172, 1176 (9th Cir. 2006) (bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate).

Where a debtor properly identifies a law suit as an asset in her bankruptcy petition, the trustee's failure to administer the

---

[1] Judicial notice is taken of Plaintiff's bankruptcy petition and the Bankruptcy Court's docket.

**4**

law suit effects abandonment of the asset. *E.g. Vasuez v. Adair*, 253 B.R. 85, 89 (B.A.P 9th Cir. 2000) (citing 11 U.S.C. § 554(c) (because debtor scheduled the asset, it was abandoned upon closure of debtors bankruptcy case)). Section 554(c) of the Bankruptcy Code provides:

> Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

11 U.S.C. § 554(c). Abandonment under section 554(c), commonly referred to as "technical abandonment," occurs automatically. *DeVore v. Marshack (In re DeVore)*, 223 B.R. 193, 197 (B.A.P. 9th Cir. 1998). Once an asset has been abandoned, it reverts to the debtor and is effectively beyond the reach and control of the trustee. *Id.* In order for an asset to be abandoned pursuant to section 554(c), the asset must have been properly scheduled. *See, e.g., id.* at 198 (discussing cases in which asset was not properly scheduled and thus section 554(c)'s requirement was not met).

A debtor's disclosure of her interest in a law suit on her bankruptcy schedules must provide the trustee sufficient information to conduct a proper investigation of the law suit. *E.g. Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001) (citation omitted). A debtor filing for bankruptcy relief has a duty to prepare schedules carefully, completely, and accurately, but there are "no bright-line rules for how much itemization and specificity is required." *Id.* Rather, a debtor must be as particular as is reasonable under the circumstances in scheduling an interest in a potential law suit. *Id. See id.*

///

It is undisputed that Plaintiff identified his law suit against Defendants in an amended Schedule B to his bankruptcy petition. Plaintiff provided the following information on his amended Schedule B:

> Terry Roberts v. CA City Correctional Center (nothing has been filed yet the debtor has only consulted with this attorney)
> 213.487.4727 Robert Dexter Neman [sic] Attorney at Law
> Attorney: Robert Newman, Los Angeles
> Wstrn Ctr on Law & Poverty
> 3701 Wilshire Blvd #208
> Los Angeles, CA 90010-2809

(Defs. Request for Judicial Notice, Ex. 3). Plaintiff's amended Schedule B indicated that his claim was worth $25,000.00. (Id.).

Defendants argue that although Plaintiff identified his law suit in his amended Schedule B, Plaintiff's identification was deficient because Plaintiff failed to include the specific cause of action underlying the lawsuit. Defendants cite *Cusano* for the proposition that "[c]auses of action are separate assets which must be formally listed." (Motion to Dismiss at 4). Defendants reliance on *Cusano* is misplaced.

*Cusano* says nothing about the level of specificity with which a debtor must schedule her interest in a law suit. Rather, *Cusano* concerned the issue of whether identification of "songrights" in an asset schedule was sufficiently detailed to cause ownership of the debtor's pre-petition compositions to revert to the debtor upon confirmation of his Chapter 11 plan. The *Cusano* Court held that although the debtor failed to properly value the asset and failed describe the songs, albums, and dates of and parties to royalty and copyright agreements, the "listing was not so defective that it would forestall a proper investigation of the asset." 264 F.3d at

**6**

946. The *Cusano* Court afforded the debtor a broad interpretation of debtor's vague asset description: "The 'songrights' asset as described...can reasonably be interpreted to mean copyrights and rights to royalty payments for songs written for the band KISS pre-petition." *Id*. The Court concluded that the debtor had standing to pursue post-petition royalty claims based on his ownership of the songrights, but held that pre-petition claims for royalties were barred as the debtor failed to identify the claims in his bankruptcy petition:

> The district court erred when it applied to Cusano's case the general rule that post-petition revenues based on pre-petition services or agreements belong to the bankruptcy estate. The rule is simply not applicable here, because the actual pre-petition service or agreement at issue in this case, "songrights," reverted to Cusano's ownership.
>
> Unpaid pre-petition royalties and other damages which accrued pre-petition, on the other hand, did not revert to Cusano with the "songrights" asset, because these were subject to a separate scheduling requirement as accrued causes of action. Causes of action are separate assets which must be formally listed. Simply listing the underlying asset out of which the cause of action arises is not sufficient.

*Id*. at 947 (citations omitted). As the Court's reasoning makes clear, *Cusano* does not support the proposition that, in order to properly identify a law suit in a bankruptcy petition, each cause of action contained in the suit must be separately described. Rather, *Cusano* simply restates the unremarkable rule that an asset is distinct from accrued causes of action related to the asset. *See id*. (*citing Vreugdenhill v. Navistar Int'l Trans. Corp*., 950 F.2d 524, 525, 526 (8th Cir. 1991) (holding that cause of action arising out of sale of harvester parts was a distinct asset from

the harvester parts themselves)).[2] Moreover, all Plainiff's claims relate to his alleged wrongful termination of employment.

Defendants cite no authority that requires a debtor to parse out specific causes of action in order to properly schedule a law suit as an asset in a bankruptcy proceeding, and existing Ninth Circuit authority is to the contrary.[3] *See, e.g, id*. at 946 (articulating standard based on whether disclosure of claim was so deficient that investigation would be impeded); *see also In re Johnson*, 361 B.R. 903, 904, 906 (B.A.P. 9th Cir. 2007) (disclosure of "Class Action Suit" with "unknown" value sufficient where disclosure was not misleading and provided trustee sufficient basis to conduct investigation); *Vasquez v. Adair*, 253 B.R. 85, (B.A.P. 9th Cir. 2000) (disclosure of "slip and fall personal injury accident at work" with estimated worth of $20,000 held sufficient).

In *Johnson*, a debtor filed a Chapter 7 bankruptcy petition and disclosed an interest in a law suit as follows:

> CLASS ACTION SUIT AGAINST ASSOCIATES...Current Market Value: Unknown

361 B.R. at 904. The *Johnson* Court held that the trustee abandoned the law suit and rejected the trustee's argument that the debtor had not sufficiently disclosed it as an asset. Analogizing the debtor's case to those of *Cusano* and *Adiar*, the *Johnson* Court held:

> the information provided...was not misleading to the

---

[2] In *Vreugdenhill*, the debtor listed the harvester parts as assets on his schedules but did not list the law suit arising out of the transaction in which he purchased the parts. The Court held that, because the law suit was not formally scheduled, it was not subject to technical abandonment. *Id*. at 526.

[3] Each of the cases cited by Defendants concern instances in which the debtor completely omitted an interest in a law suit from the petition and are inapposite. (*See* Opposition at 6-8).

**8**

>     trustee and he was not deprived of sufficient information to prevent him from performing his duties of investigation.

361 B.R. 909.

Similarly, in *Adair*, a debtor disclosed her interest in a personal injury lawsuit as follows:

>     Debtor . . . was involved in a slip and fall personal injury accident at work. Recovery is uncertain at this time. $ 20,000 is listed herein for exemption purposes only.

253 B.R. 87.  After the debtor obtained her discharge, she settled her personal injury suit for $430,000.  The *Adair* Court rejected the trustee's attempt to revoke his abandonment of the asset:

>     The Trustee argues that he was misled because Debtor falsely valued the Lawsuit at $ 20,000 in her Schedule B. The Trustee's factual premise is incorrect. Although Debtor's Schedule B indicated in the value column that the value of the Lawsuit was $ 20,000, it also clearly stated in the description column that the recovery was uncertain and that the reference to $ 20,000 was for exemption purposes only. Debtor, in effect, stated that the value of the Lawsuit was unknown as of the date she signed her schedules. The mere fact that Debtor indicated that the value of the Lawsuit was essentially unknown does not mean that she misled the Trustee *or that he was deprived of sufficient information so as to preclude him from performing his duties*.

*Id*. at 89 (emphasis added) (citing *In re Atkinson*, 62 B.R. 678, 680 (B.A.P. 9th Cir. 1986).

Finally, in *Atkinson*, the Court held that a debtor's disclosure of an interest in a law suit was sufficient where the debtor's notice did not "deprive the trustee of adequate knowledge of the pending litigation so as to preclude her from performing her duties." 62 B.R. at 680.  In *Atkinson*:

>     [the] litigation was listed in the debtors' Statement of Financial Affairs as "John H. Atkinson vs. Corporation of the President of the Church of Jesus Christ of Latter Day Saints, et al., Superior Court of California, County of

9

        Orange." Further, in Schedule B-2, Property of the Debtor, the litigation was referred to as "cause of action against the Church of Jesus Christ of Latter Day Saints", with an "unknown" value

*Id*. at 679.

Plaintiff's identification of his potential law suit against Defendants was sufficient to provide the trustee with all information necessary to conduct a proper investigation of the asset, particularly in light of the fact that Plaintiff provided an estimated value of the law suit and contact information for the attorney with whom Plaintiff had discussed his case. Plaintiff's disclosure was at least as complete as the disclosures held acceptable in *Johnson*, *Atkinson,* and *Adair*, none of which provided information regarding the specific cause of causes of actions entailed by the law suits, and some of which omitted valuation of the claims entirely. Further, assuming *arguendo* that, in rare instances, disclosure of specific causes of action is required to provide the trustee sufficient information to investigate a law suit, it is axiomatic that such a requirement in inappropriate where, as here, a debtor is merely involved in the consultation phase of a litigation at the time the debtor files a bankruptcy petition. The Bankruptcy code requires only a level of particularity that is reasonable under the circumstances. *Cusano*, 264 F.3d at 946.

Plaintiff's properly scheduled interest in his potential law suit against Defendants was automatically abandoned upon the closure of Plaintiff's bankruptcy proceeding, and Plaintiff therefore has standing to prosecute this action. Defendants motion to dismiss for lack of standing is DENIED.

**10**

**B. Judicial Estoppel**

Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001).[4]  As discussed above, Plaintiff adequately disclosed his claim against Defendant in his bankruptcy petition.  Accordingly, judicial estoppel does not bar Plaintiff's action.  Defendants motion is DENIED.

**ORDER**

For the reasons stated, Defendants' Motion to Dismiss is DENIED in its entirety.

IT IS SO ORDERED.

**Dated:   October 25, 2010**                    **/s/ Oliver W. Wanger**
                                  UNITED STATES DISTRICT JUDGE

---

[4] Although *Hamilton* references a debtor's duty to disclose a "cause of action," it lends no support to Defendants' contention that, in order to properly schedule an interest in a law suit, a debtor must describe each specific legal claim entailed by the law suit.  In *Hamilton*, the debtor had at least two distinct claims: (1) breach of contract; and (2) breach of the covenant of good faith and fair dealing.  270 F.3d at 781. Nevertheless, the court employed singular term "cause of action" in describing the debtor's duty of disclosure.

**11**