IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY SANDRES, | ) Case No.: 1:09-cv-01609 OWW JLT |
| Plaintiff, | ) ORDER ON DISCOVERY DISPUTE |
| v. | ) (Doc. 59) |
| CORRECTIONS CORPORATION OF AMERICA, | ) |
| Defendants. | ) |

Plaintiff seeks an order requiring Defendant to produce contact information for specified current and former employees. (Doc. 59) Plaintiff contends that each of those identified are percipient witnesses to the alleged unlawful employment practices he suffered or suffered unlawful employment practices themselves, allegedly perpetrated by Defendant. Defendant has refused to produce the contact information arguing, in part, that the witnesses have an interest in the information remaining private and because Plaintiff has not demonstrated a compelling need for the information. (Doc. 60)

On February 4, 2011, the Court conducted a telephonic hearing on the matter. The Court has read and considered the pleadings and arguments of counsel. For the reasons discussed below, the Court will **ORDER** disclosure of the information sought.

1

I.  **Factual and Procedural Background**

On July 24, 2009, Plaintiff initiated this action in the Kern County Superior Court. (Doc. 2, Ex. A) In his complaint, he alleges that he suffered unlawful discrimination after he suffered a workers compensation injury. (Doc. 29) He raises causes of action under California's Fair Employment and Housing Act, for state law common law torts and for a violation of California Labor Code § 226(b) and (c). Id.  Defendant denies liability.

The matter was removed to this Court on September 10, 2009 (Doc. 2), and on February 10, 2010, the Court issued its scheduling order (Doc. 34) which has been amended several times. (Docs. 40, 48, 56, 62) The current non-expert discovery deadline is March 7, 2011 and the expert discovery deadline is April 1, 2011. (Docs. 56, 62)

In the matter before the Court, Plaintiff seeks an order requiring Defendant to provide the last known address and telephone number for 14, identified current and former employees. (Doc. 59 at 4) Plaintiff identified eight of these witnesses in his testimony as percipient witnesses to his claims, but, all are known to him. Id. One of these and two others, are former employees of Defendent who Plaintiff believes were terminated after going on medical leaves. Id. Three of the identified witnesses are or were employees within the HR Department of CCA and the final witness is the former Warden. Id.

II. **Scope of Discovery**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed.R.Civ.P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things. . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Further, relevancy to a subject matter is interpreted

"broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 427 U.S. 340, 351 (1978).

### III.    State law privacy interests of employees

In a diversity of citizenship action, state law governs privilege claims. Fed. R. Evid. 501; Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998).  In ruling on discovery objections raising privacy interests, the Court must balance the party's need for the information against the individuals privacy rights. Davis v. Leal, 43 F.Supp.2d 1102, 1110 (E.D. Cal., 1999) (California right to privacy is subject to a balancing of the needs of the litigation with the sensitivity of the information/records sought). "Even where the balance weighs in favor of disclosure of private information, the scope of disclosure will be narrowly circumscribed; such an invasion of the right to privacy must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit." Id.

In Pioneer Electronics (USA), Inc. v. Superior Court (2007) 40 Cal.4th 360, 370-371 and Hill v. National Collegiate Athletic Assn. (1994) 7 Cal.4th 1, 40, the California Supreme Court set forth an analytical framework for evaluating claims of invasion of privacy under the California Constitution.  First, the employee must have a "legally protected privacy interest." Hill, at 35. Second, the employee must have "a reasonable expectation of privacy" in the information and third, the invasion of privacy must be "serious in nature, scope, and actual or potential impact." Id. at 36-37. If each is shown, the court must then balance the privacy interest against the competing, disclosure interest. Pioneer, at 370-371.

Though personal identifying information is "entitled to some privacy protection," disclosing it is not a serious invasion of privacy. Pioneer, at 372.  It "involve[s] disclosing neither one's personal medical history or current medical condition nor details regarding one's personal finances or other financial information." Id.  In class action cases, "Contact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case." Id.  Likewise, "'the identity and location of persons having [discoverable] knowledge' are proper subjects of civil discovery". Id. at 374.

The fact that employees provide contact information as a condition of employment, means that the privacy interests are more significant than in cases where such information is shared voluntarily. Belaire-West Landscape, Inc. v. Superior Court, 149 Cal.App.4th 554 (Cal.App. 2d Dist. 2007). "It is most probable that the employees gave their addresses and telephone numbers to their employer with the expectation that it would not be divulged externally except as required to governmental agencies (such as the Internal Revenue Service, the Social Security Administration, etc.) or to benefits providers such as insurance companies. This is a reasonable expectation in light of employers' usual confidentiality customs and practices." Id. However, this "does not mean that they would wish it to be withheld from a . . . plaintiff who seeks relief for violations of employment laws." Id.; Puerto v. Superior Court,158 Cal. App. 4th 1242 (Cal. App. 2d Dist. 2008).

In Puerto, the court considered a wage and hour claim in which the plaintiff sought telephone numbers and addresses for percipient witnesses to the claim. Puerto, at 1245-1246. Though the defendant provided the names of witnesses, it refused to provide the contact information based, in part, upon the privacy interests of these third-party employees. Id. The trial court granted the motion to compel and ordered the defendant to mail a notice to the affected employees explaining that their information is being sought by plaintiff's attorney. Id. at 1247. The court ordered that the notice tell the employee that if he did not object to the disclosure of the information, he had to complete and return a reply card. Id. On appeal, the court noted,

> While we apply the framework from Pioneer, supra, 40 Cal.4th 360, we also note that salient distinctions exist between that case and the circumstances here. In Pioneer, the plaintiffs sought not just contact information, but the very identities of the affected individuals; here the witnesses' identities have already been disclosed. Moreover, the discovery in Pioneer was precertification discovery designed to identify members of the class rather than to locate percipient witnesses, although the Supreme Court did note that some number of the potential class members would also be witnesses. This procedural distinction explains why the opt-out letter outcome of Pioneer is not necessarily appropriate here: in Pioneer, the plaintiffs were looking for people who would want to participate in the lawsuit. As pursuing litigation is a voluntary activity, an opt-out letter that offered recipients the option of participating or declining to participate was appropriate. **In contrast, a percipient witness's willingness to participate in civil discovery has never been considered relevant—witnesses may be compelled to appear and testify whether they want to or not.**

Puerto, at 1251-1252, emphasis added. The Puerto court rejected that disclosing residential telephone numbers and addresses was a serious invasion of privacy because the witnesses' identities were already known in the litigation. Id. at 1254. Moreover,

> Nothing could be more ordinary in discovery than finding out the location of identified witnesses so that they may be contacted and additional investigation performed. (Planned Parenthood, supra, 83 Cal.App.4th at p. 359 [home addresses and telephone numbers are "routinely produced during discovery"].) As the Supreme Court pointed out in Pioneer, the information sought by petitioners here—the location of witnesses—is generally discoverable, and it is neither unduly personal nor overly intrusive. (Pioneer, at p. 373.) In some respects, the potential intrusion here is even less significant than that in Pioneer, because here the requested disclosure does not involve individuals' identities, which had already been disclosed by Wild Oats prior to the filing of the motion to compel. There simply is no evidence that disclosure of the contact information for these already identified witnesses is a transgression of the witnesses' privacy that is "sufficiently serious in [its] nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." (Hill, supra, 7 Cal.4th at p. 37.)

Id. Upon this backdrop, the Court considers the current dispute.

**IV.   Analysis**

Plaintiff has identified by name, 14 percipient witnesses to the alleged unlawful conduct by Defendant. Each is an employee or former employee of Defendant. As in Puerto, the identities of the witnesses are known already to Plaintiff and he seeks only the last known addresses and telephone numbers for the 14. Of these, three were listed in Defendant's Rule 26 initial disclosures. Of these three, Defendant has agreed that it will produce two, Salvador Carlton and Dana Mitchell, for deposition and trial. Defendant argues that it should not be required to provide the contact information for the remaining witnesses. It argues that disclosure of the information is a serious invasion of their privacy rights such that only if there is a compelling need, may the information be released.

The Court agrees that the employees have a legally protected privacy interest in their contact information. However, the Court does not agree that they have a reasonable expectation of privacy in the information in these circumstances. Pioneer, at 372; Puerto, at 1254. Both Pioneer and Puerto determined that employees may very well wish for their contact information to be disclosed related to wrongful acts by their employer/former employer. However, even if there is a reasonable expectation of privacy that the information will not be disclosed, the Court does not find that

disclosure of the information poses a serious invasion of the witnesses' privacy. Puerto, at 1254. Puerto demonstrates that providing residential telephone numbers and addresses for percipient witnesses is "ordinary" and "routine" and does not constitute a serious invasion of privacy rights. Puerto, at 1251-1252.

On the other hand, Puerto makes clear that where disclosure of the information raises safety concerns for employees, courts must better protect it. Puerto, at 1251-1252, citing Planned Parenthood Golden Gate v. Superior Court 83 Cal.App.4th 347, 359 (Cal. App. 1st Dist. 2000). The Court agrees that employees and former employees of a prison, whether correctional officers, management or other staff, may be placed at risk if their home addresses became known to inmates and their associates. However, the Court finds that this risk will be mitigated by a protective order that restricts access to this information to Plaintiff's counsel and his staff members/process server on a "need to know basis." Those who "need to know" are *only* those that will accomplish contacting and/or serving subpoenas on these witnesses. Dissemination of this information beyond will be a violation of the protective order.

Finally, though the Court does not find that disclosure of this information constitutes a serious invasion of these witnesses' privacy, even if it did, the Court would find that Plaintiff has demonstrated a compelling need for disclosure. Each witness has personal knowledge of the unlawful acts allegedly suffered by Plaintiff or has allegedly suffered unlawful employment acts committed by Defendant. Thus, the Court agrees that each witness is important to Plaintiff's ability to discover and/or prove his case.

**V.    Conclusion**

Based upon the foregoing, the Court **ORDERS**,

1. The parties shall file within five days, a proposed protective order consistent with this order;
2. Within three court days of the Court issuing the protective order, Defendant shall provide a further response to Plaintiff's Special Interrogatory No. 2, that identifies the

1   last known addresses and telephone numbers[1] for those witnesses listed.[2]  Defendant
2   shall provide this information to Plaintiff in a manner agreeable to the parties, i.e.,
3   facsimile, e-mail or via overnight mail, so that it is received by Plaintiff no later than
4   the third court day.

6   IT IS SO ORDERED.

7   Dated:   **February 4, 2011**                                                /s/ Jennifer L. Thurston
                                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court construes this to mean the residence telephone number *unless* the only number given by the employee/former employee was a cell phone number.

[2] The Court intends that this order address future discovery requests that seek last known addresses and residence telephone numbers for witnesses that are employees/former employees of Defendant.